**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-23765-COOKE/DAMIAN

VICTORIA LOPEZ,
for Yanin Diaz, deceased,

      Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT [ECF NO. 24]**

THIS CAUSE is before the Court on the Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act, filed on November 16, 2022, by Plaintiff, Victoria Lopez, on behalf of Yanin Diaz, deceased, ("Plaintiff"). [ECF No. 24 (the "Motion")]. Defendant did not file a response to the Motion and the time to do so has passed.

The undersigned has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act be granted and that Plaintiff's Counsel be awarded attorney's fees in the amount of $6,412.50, after the Government determines whether Plaintiff owes a federal debt.

## I.   BACKGROUND

On October 25, 2021, Plaintiff initiated this case by filing a Complaint under the Social Security Act seeking judicial review of the Commissioner's final decision denying Plaintiff's claim for disability benefits. [ECF No. 1]. On March 5, 2022, Plaintiff filed a Motion for Summary Judgment. [ECF No. 16]. Thereafter, on April 15, 2022, the Commissioner filed a Motion for Remand requesting that the Court enter a judgment reversing the final decision and remanding the case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). [ECF No. 19]. On April 18, 2022, the District Court granted the Motion for Remand, reversed the final decision, and remanded the case to the Commissioner for further proceedings. [ECF No. 20].

On November 14, 2022, Plaintiff filed an unopposed Motion to Substitute Party informing the Court that Plaintiff, Yanin Diaz, passed away on February 27, 2022, and requesting that Victoria Lopez, Plaintiff's daughter and next of kin, be substituted for Ms. Diaz as Plaintiff pursuant Federal Rule of Civil Procedure 25. [ECF No. 21]. Plaintiff also filed an unopposed Motion for Extension of Time seeking a thirty-day extension in which to file Plaintiff's unopposed Motion for Attorney Fees Under the Equal Access to Justice Act. [ECF No. 22]. On November 15, 2022, this Court entered an Omnibus Order granting Plaintiff's Motion to Substitute Party and Motion for Extension of Time. [ECF No. 23].

On November 16, 2022, Plaintiff filed the unopposed Motion now before the Court, requesting an award of $6,412.50 in attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 24]. In the Motion, Plaintiff's attorneys, Rogelio R. Oliver and Katherine O. Palacios-Moreno, request

compensation for a total of 1.2 hours of work performed in 2021 at an hourly rate of $217.54 and 26.5 hours of work performed in 2022 at an hourly rate of $232.13. *Id.* at 2. More specifically, Mr. Oliver seeks compensation for 1.2 hours of work performed in 2021 and 0.8 hours of work performed in 2022, and Ms. Palacios-Moreno requests compensation for 25.7 hours of work performed in 2022. *Id.* at 4, 7.

## II.    DISCUSSION

### A.  *Plaintiff's Entitlement To EAJA Award*

Pursuant to the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *see also Delaney v. Berryhill*, No. 17-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018) (Brannon, J.).

A plaintiff in a social security appeal prevails if the court orders a "sentence four remand." *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Delaney*, 2018 WL 7820219, at *1; *see also* 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Moreover, an EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

3

Here, Plaintiff is the prevailing party in this case because on April 18, 2022, the Court reversed the decision and remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 20]. Plaintiff's Motion alleges that that Commissioner's position was not substantially justified, and as the Motion is unopposed, the Commissioner does not seek to show otherwise. [ECF No. 24 at 9–10]. The record shows that Plaintiff's Motion was timely filed.[1] Additionally, Plaintiff's net worth was less than $2 million when she filed the case, as demonstrated by Plaintiff's Declaration in her Application to Proceed in District Court Without Prepaying Fees or Costs, filed October 25, 2021. [ECF No. 1-2]. Further, this case does not appear to present any special circumstances.

Thus, the undersigned finds that Plaintiff is entitled to an EAJA award. Having found that Plaintiff is entitled to an EAJA award, the undersigned next discusses whether the amount of fees requested is reasonable.

### B.   *Reasonableness of Attorney's Fees Requested*

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is "to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.*

---

[1] Specifically, Plaintiff's EAJA request was due on July 18, 2022—ninety days from the Court's April 18, 2022 Order. *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B)) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the end of the period for appeal, not the beginning."). As noted above, on November 14, 2022, Plaintiff filed an unopposed motion for an extension of time to file her EAJA fee request. [ECF No. 22]. On November 15, 2022, this Court granted Plaintiff's request for a thirty-day extension of time in which to file the EAJA request. [ECF No. 23]. Plaintiff filed the Motion now before the Court the following day. [ECF No. 24].

(citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman*, 836 F.2d at 1299. A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

### 1. Reasonable Hourly Rate And Cost-Of-Living Adjustment

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (Simonton, J.). The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. The fee award is adjusted for cost of living based on the time when the services were performed, not the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

As noted above, Plaintiff is represented by Rogelio R. Oliver, Esq., and Katherine O. Palacios-Moreno, Esq. [ECF No. 24 at 2]. According to Mr. Oliver's Declaration, he has been a licensed attorney since 1977 and has litigated over 6,000 Social Security disability cases. *Id.*

at 3. Additionally, Mr. Oliver submitted a "Schedule of Hours" for his work in this case indicating that he dedicated 1.2 hours in 2021 and 0.8 hours in 2022. *Id.* at 4. According to Ms. Palacios-Moreno's Declaration, she has been a licensed attorney since 2013 and has litigated over 1,000 Social Security disability cases. *Id.* at 5. Her "Schedule of Hours" states that she dedicated 25.7 hours in 2022. *Id.* at 7. Plaintiff's attorneys assert that the requested hourly rates—$217.54 for 2021 and $232.13 for 2022—reflect the cost-of-living adjustment for each of the years spent working on this matter. *Id.* at 10–11.

The undersigned accepts the proposed calculation of the hourly rate for each year and finds the hourly rates are reasonable.[2]

## 2.  Hours Reasonably Expended

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined

---

[2] Specifically, the figure for 2021 is calculated by taking the annual CPI rate for 2021 and subtracting from it the March 1996 rate (270.970 minus 155.7 equals 115.27) and then dividing that number by the March 1996 rate (115.27 divided by 155.7 equals 0.740). This cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.740 multiplied by $125) plus $125 equals $217.54). *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?cu (last visited Dec. 16, 2022). The same methodology is employed to calculate the figure for 2022 (289.109 minus 155.7 equals 133.409; 133.409 divided by 155.7 equals 0.857; $125.00 times 0.857 equals $107.125; $125.00 plus $107.125 equals $232.13).

by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. A trial court is "itself an expert" on reasonable rates, and, therefore, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Plaintiff asserts that her counsel expended 27.7 hours in prosecuting this action. [ECF No. 24 at 10]. Plaintiff has provided the time records of her attorneys, Mr. Oliver and Ms. Palacios-Moreno, which contain a detailed breakdown of the tasks they each performed, when they performed them, and how long it took to complete them. *Id.* at 4, 7. Mr. Oliver's work on this case consisted of meeting with Plaintiff, completing the *In Forma Pauperis* Application, preparing the Complaint, and meeting with Plaintiff regarding the outcome of litigation. *Id.* at 4. Ms. Palacios-Moreno's work on this case consisted of evaluating the underlying administrative record, reviewing case filings, preparing Plaintiff's Motion for Summary Judgment, and preparing the instant Motion. *Id.* at 7.

Drawing upon its own knowledge and expertise, this Court finds that the time expended in prosecuting this action is reasonable. Accordingly, Plaintiff should recover 1.2

7

hours for work performed in 2021 at an hourly rate of $217.54 and 26.5 hours for work performed in 2022 at an hourly rate of $232.13. Specifically, Plaintiff should recover $261.05 for work counsel performed in 2021 and $6,151.45 for work counsel performed in 2022. In sum, the undersigned finds that Plaintiff is entitled to recover a total attorney's fee award of $6,412.50.

### C.  *Assignment of Fees to Plaintiff's Counsel*

The undersigned next evaluates whether the award of attorney's fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *see also Romero v. Comm'r of Soc. Sec.*, No. 21-cv-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022) (Becerra, J.), *report and recommendation adopted*, 2022 WL 2290578 (S.D. Fla. June 24, 2022) (Martinez, J.).

For an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3] *Milanes v. Berryhill*, No. 15-CV-23171, 2017 WL 3493145, at *2 (S.D. Fla.

---

[3] The Anti-Assignment Act states in relevant part as follows:

> [A] transfer or assignment of any part of a claim against the United States Government . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained

Aug. 14, 2017) (McAliley, J.). However, the Government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff requests that the fee award be paid directly to Plaintiff's lead counsel, Mr. Oliver. [ECF No. 24 at 12]. The Motion includes an assignment of EAJA fees (the "Assignment") executed by Plaintiff on May 19, 2022. [ECF No. 24-1]. Specifically, the Assignment states that Plaintiff "hereby assign[s] any court-awarded EAJA attorney fees to [her] attorney." *Id.* The Assignment is signed by both Plaintiff and her attorney. *Id.* As such, the undersigned interprets Plaintiff's reference to the Assignment as a request that the award of attorney's fees be directly payable to her attorney.

The undersigned notes that Plaintiff's Assignment fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Act because it: (1) was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, (2) was not attested to by two witnesses, and (3) was not certified by an official. Nevertheless, the Commissioner has not objected to the Assignment or to Plaintiff's request that the fee award be paid directly to Plaintiff's counsel. Consequently, even though

---

the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.
31 U.S.C. §§ 3727(a)–(b).

the Assignment failed to comply with the requirements of the Anti-Assignment Act, as previously noted, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the Commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Act); *Romero*, 2022 WL 2289222 (same).

Accordingly, the attorney's fee award should be payable to Plaintiff's counsel subject to offset against any pre-existing debt Plaintiff may owe to the United States.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act [ECF No. 24] be **GRANTED** and that the Court award $6,412.50 in attorney's fees, which should be made payable to Plaintiff's counsel, Mr. Rogelio R. Oliver, after the Government determines whether Plaintiff owes a federal debt.

The parties will have **five (5) days**[4] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the

---

[4] The undersigned has shortened the objection period because the Motion before the Court is unopposed, and the undersigned has recommended that the full amount of fees requested be awarded.

parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 20th day of December 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE


Copies to:
Hon. Marcia G. Cooke, *U.S. District Judge*
Counsel of Record

11